**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VENIAMIN ANKUDOVICH,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-5595** |
| | : | |
| **DOJ FEDERAL GOVERNMENT,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES, J.                                                              MAY 5, 2026

Veniamin Ankudovich, an unrepresented litigant, has filed a Complaint naming "DOJ Federal Government" and numerous private companies as Defendants.  However, the nature of the claims he seeks to raise is unclear.  For the reasons set forth, the Court will dismiss the Complaint and give Ankudovich an opportunity to file an amended complaint so that he can explain the nature of his claims.[1]

## I.      FACTUAL ALLEGATIONS[2]

Ankudovich's allegations are not easy to understand.  He alleges that he is suing the United States claiming there is a "conflict of interest."  (Compl. at 2.)  He further alleges that he is a permanent resident and "should have access to as a USA citizen."  (*Id*.)  He appears to ask for assistance of counsel since he does not have a lawyer, and he does "not know it all to apply it even

---

[1]      Shortly after filing his Complaint and before the Court could take any action in the case, Ankudovich filed a notice of appeal.  (ECF No. 3.)  The Court granted Ankudovich leave to proceed *in forma pauperis* (ECF No. 11), noting that the case remained subject to screening but took no further action until the appeal was resolved.  On April 27, 2026, the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of jurisdiction.  (ECF No. 12.)

[2]      The facts are taken from the Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where the Court quotes the complaint, spelling, grammar and punctuation errors will be cleaned up where needed.

broadly to get the Justice I'm entitled to as a permanent resident." (*Id*.) He mentions the IRS and FCC and indicates that a statute of limitations "is running out." (*Id*.) He also mentions his "Juvenile record" and asks for assistance to file "the right paperwork for the right USA federal agency in the right civil or state or federal or Military tribunal that is required to achieve this so called justice that DOJ speaks of cause I have not seen her yet." (*Id*.) He also mentions that he needs assistance with "Immigration Court" and suing the United States DOJ and federal government. (*Id*. at 4.) With regard to the companies he lists in the caption of the Complaint, Ankudovich asserts only that they are "companies with subsidiaries in other countries for plausible deniability purposes." (*Id*.) Finally, in the portion of the form Complaint that asks about the source of the Court's jurisdiction, Ankudovich appears to invoke federal question jurisdiction and indicates the "question is what court the trial will be in because the statute of limitations is at question, not jurisdiction." (*Id*.) He also indicates that for purposes of diversity jurisdiction that he is a citizen of Belarus and that "ICE lost 2 times trying in immigration court, not leaving." (*Id*. at 2.)

## II.    STANDARD OF REVIEW

Because the Court has granted Ankudovich leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Although this "plausibility standard is not akin to a

'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the Ankudovich's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93. The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

Ankudovich's Complaint must be dismissed under Rule 8 because the nature of any claim he seeks to raise is entirely unclear. While he states he is a permanent resident and mentions immigration court, it is not clear if he is raising a claim based on his immigration status. His reason for naming the companies is entirely unexplained. He also names the United States Department of Justice but fails to identify any actions taken by the DOJ in any claim. Because no defendant can respond on the merits to the Complaint, it must be dismissed with leave granted to Ankudovich to file an amended complaint to explain the "'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

An order containing additional information on amending the complaint will be entered separately.

*NITZA I. QUIÑONES ALEJANDRO, J.*